IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VICTOR T. WARD<br>　　　Plaintiff | * | |
| | * | |
| v. | | Civil Action No. WDQ-09-2990 |
| | * | |
| STATE OF MARYLAND<br>　　　Defendant | * | |
| | *** | |

MEMORANDUM

The above-styled case was filed on November 10, 2009, with the filing fee. Paper No. 1.

Plaintiff claims he is deprived of his constitutional rights to due process and equal protection of the laws by the Maryland judicial system for collecting delinquent child support payments. Paper No. 1. He alleges the use of a court of limited jurisdiction and the litigation of the issue before a master improperly deprives him of a right to trial by jury. *Id*.

A Plaintiff may not initiate federal litigation to overturn a state law governing a state suit. "Under the *Rooker-Feldman*[1] [abstention] doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" *American Reliable Insurance v. Stillwell*, 336 F. 3d 311, 316 (4th Cir. 2003) *quoting Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). The *Rooker-Feldman* doctrine is jurisdictional and this Court is free to consider it even if no party has raised it. *Jordahl v. Democratic Party of Va.,* 122 F.3d 192, 197 n. 5 (4th Cir.1997). Accordingly, by separate Order, the complaint will be dismissed.

December 10, 2009　　　　　　　　　　　　　　　　　　　　/s/
Date　　　　　　　　　　　　　　　　　　　　　　William D. Quarles, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[1] *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482,(1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).